Nos. 21-16506 & 21-16695

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

EPIC GAMES, INC.,

*Plaintiff/counter-defendant,*
*Appellant/cross-appellee,*

*v.*

APPLE INC.,

*Defendant/counter-claimant,*
*Appellee/cross-appellant.*

_____

On Appeal from the United States District Court
for the Northern District of California (Hon. Yvonne Gonzalez Rogers)
No. 4:20-cv-05640-YGR

_____

## APPLE INC.'S MOTION TO EXCEED TYPE-VOLUME LIMITATIONS

_____

Theodore J. Boutrous, Jr.
Daniel G. Swanson
GIBSON, DUNN & CRUTCHER LLP
333 S. Grand Ave.
Los Angeles, CA 90071

Rachel S. Brass
Julian W. Kleinbrodt
GIBSON, DUNN & CRUTCHER LLP
555 Mission St., Suite 3000
San Francisco, CA 94105

Mark A. Perry
Cynthia Richman
Joshua M. Wesneski
Anna Casey
Zachary B. Copeland
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave, NW
Washington, DC 20036
(202) 955-8500
mperry@gibsondunn.com

*Attorneys for Apple Inc.*

Pursuant to Federal Rules of Appellate Procedure 27 and 32 and Circuit Rule 32-2(a), and for the reasons stated in the accompanying declaration of Mark A. Perry ("Perry Decl."), Defendant-Appellee/Cross-Appellant Apple Inc. ("Apple") respectfully requests permission to exceed the type-volume limitations set forth in Federal Rule of Appellate Procedure 28.1(e)(2) and Circuit Rule 28.1-1(c). Specifically, Apple seeks an additional 8,980 words for its principal-and-response brief, for a total of 25,480 words. In accordance with Circuit Rule 32-2(a), a copy of the proposed brief and a Form 8 certification are submitted with this motion. Plaintiff-Appellant/Cross-Appellee Epic Games, Inc. ("Epic") has indicated that it "take[s] no position on Apple's motion for an additional 9,000 words, other than to request that if Apple's motion is granted it be reciprocal such that Epic receives a comparable extension for its next brief." Perry Decl. ¶ 5.

Under the default word limits, because this case involves a cross-appeal, Apple's principal-and-response brief is limited to 16,500 words. Fed. R. App. P. 28.1(e)(2)(B); Cir. R. 28.1-1(c). Apple has worked diligently to draft a brief that fits within the default type-volume limitations, but the complexity of this antitrust case has made that exceedingly difficult. These appeals arise from a single-spaced 180-page opinion with 666 footnotes, comprising approximately 84,000 words. *See* D.C. Dkt. 812. The district court presided over a 16-day bench trial with 26 witnesses and 520 exhibits; the trial transcript is over 4,000 pages long. The parties submitted

post-trial findings of fact and conclusions of law comprising 364 (single-spaced) pages for Apple and 633 (double-spaced) pages for Epic. *See* D.C. Dkts. 777-3 & 779-1.

Appeals in complex antitrust cases frequently require overlength briefs due to the legal, economic, and factual issues they raise. As a recent example, the parties in *FTC v. Qualcomm Inc.* requested—and this Court allowed—principal briefs in excess of 26,000 words. *See FTC v. Qualcomm Inc.*, No. 19-16122 (9th Cir.), Dkts. 77, 122, 143 & 210. The issues here are comparable in terms of complexity and potential impact as those in *Qualcomm*.

Epic's principal brief raises at least seven discrete issues of substantive antitrust law, all of which arise from the extensive trial record. *See* Opening Brief (Dkt. 41). In addition, nine *amicus curiae* briefs have been filed supporting Epic's position, and a tenth (from the United States), while ostensibly in support of neither party, takes issue with certain rulings below. *See* Dkts. 48–57. These briefs collectively present another 55,426 words of argument supporting reversal. Apple is not seeking to file a supplemental brief to respond to Epic's *amici*, individually or collectively; the additional 8,980 words requested for its principal-and-response brief will allow Apple to respond to their arguments as well as to Epic itself, as shown below, on top of raising its own arguments for its cross-appeal:

| | Apple Br. | Epic Br. | U.S. Br. | State AG Br. | Microsoft Br. | CFA Br. | Carrier Br. | Kirkwood Br. | AAI Br. | COSAL Br. | Public Citizen Br. | EFF Br. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Market Definition | I.A | 55-67 | 27-38 | | | | | | | | | |
|   Two-sided market | I.A.1 | | | | | | | | 21-28 | | | |
|   Foremarket & aftermarkets | I.A.2 | 58-67 | | | | | | | 5-19 | | | 3-10 |
| Monopoly Power | I.B | 57 n.5 | 20-24 | | | | | 8-20 | 10-14 | | | |
| Unilateral conduct | II | 33-37 | 10-14 | 5-17 | | | | 20-23 | | 5-18 | 4-27 | |
| Distribution Requirement | III | 38-55 | 15-20 | | | | | | | | | 12-24 |
|   Anticompetitive effects | III.A.1 | | | | | 4-11 | 2-5 | | | | | |
|   Procompetitive justifications | III.A.2 | | | | | | 6-14 | | | | | 14-22 |
|   Less restrictive alternatives | III.A.3 | 39-44 | | | 13-21 | | 14-18 | | | | | 23-24 |
|   "Balancing" | III.A.4 | 47-55 | 17-18 | 18-25 | | | 19-21 | | | | | |
| IAP Requirement | IV | 44-47, 67-73 | | | | | | | | | | |
|   Tying | IV.A | 67-73 | | | 21-30 | | | | 19-21 | | | 10-11 |
|   Rule of Reason | IV.B | 44-47 | | | 25-27 | 6-10 | | | | | | |
| Counterclaims | V | 74 | | | | | | | | | | |

Both Apple and its counsel respect the Court's time and attention. We do not lightly seek additional words knowing the press of important business in this Court. Mr. Perry has sought leave to file an overlength brief fewer than five times in a 30-year career (and each such request was granted). We would not ask if there were no "extraordinary and compelling need." Cir. R. 32-2. In the unusual circumstances of these important appeals, an overlength brief will be of more assistance to the Court as it resolves the issues presented.

## CONCLUSION

For all these reasons, Apple respectfully requests that this Motion be granted and that Apple be permitted to file the accompanying principal-and-response brief of 25,480 words.

Dated:  March 24, 2022

Respectfully submitted,

s/ *Mark A. Perry*

Theodore J. Boutrous, Jr.
Daniel G. Swanson
GIBSON, DUNN & CRUTCHER LLP
333 S. Grand Ave.
Los Angeles, CA  90071

Rachel S. Brass
Julian W. Kleinbrodt
GIBSON, DUNN & CRUTCHER LLP
555 Mission St., Suite 3000
San Francisco, CA  94105

Mark A. Perry
Cynthia Richman
Joshua M. Wesneski
Anna Casey
Zachary B. Copeland
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave, NW
Washington, DC  20036
(202) 887-3667
mperry@gibsondunn.com

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation of Circuit Rule 27-1(1)(d) and Circuit Rule 32-3 because it contains 584 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and Circuit Rule 27-1(1)(d).

I certify that this brief complies with the typeface requirements of Federal Rule of Appellate Procedure 27(d) because this brief has been prepared in a proportionately spaced 14-point Times New Roman typeface using Microsoft Word 2016.

Dated:  March 24, 2022

s/ *Mark A. Perry*
Mark A. Perry

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **Apple Inc.'s Motion To Exceed Type-Volume Limitations** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on March 24, 2022.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated:  March 24, 2022

s/ *Mark A. Perry*
Mark A. Perry