Nos. 21-16506 & 21-16695

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

EPIC GAMES, INC.,

*Plaintiff/counter-defendant,
Appellant/cross-appellee,*

*v.*

APPLE INC.,

*Defendant/counter-claimant,
Appellee/cross-appellant.*

_____

On Appeal from the United States District Court
for the Northern District of California (Hon. Yvonne Gonzalez Rogers)
No. 4:20-cv-05640-YGR

_____

# DECLARATION OF MARK A. PERRY IN SUPPORT OF
# APPLE INC.'S MOTION TO EXCEED TYPE-VOLUME LIMITATIONS

_____

| | |
|---|---|
| Theodore J. Boutrous, Jr. | Mark A. Perry |
| Daniel G. Swanson | Cynthia Richman |
| GIBSON, DUNN & CRUTCHER LLP | Joshua M. Wesneski |
| 333 S. Grand Ave. | Anna Casey |
| Los Angeles, CA 90071 | Zachary B. Copeland |
| | GIBSON, DUNN & CRUTCHER LLP |
| Rachel S. Brass | 1050 Connecticut Ave, NW |
| Julian W. Kleinbrodt | Washington, DC 20036 |
| GIBSON, DUNN & CRUTCHER LLP | (202) 955-8500 |
| 555 Mission St., Suite 3000 | mperry@gibsondunn.com |
| San Francisco, CA 94105 | |

*Attorneys for Apple Inc.*

I, Mark A. Perry, declare as follows:

1.  I am a partner at the law firm of Gibson, Dunn & Crutcher LLP and counsel for Defendant-Appellee/Cross-Appellant Apple Inc. ("Apple") in the above-captioned action. I have personal knowledge of the matters stated herein and, if called upon to do so, I could and would testify competently hereto.

2.  As counsel for Apple, I believe an oversized principal-and-response brief is required in order to clearly address the issues presented on appeal, and to do so in a way that will best aid the Court in deciding this appeal.

3.  On March 3, 2022, I spoke by telephone with Gary Bornstein, counsel for Plaintiff-Appellant/Cross-Appellee Epic Games, Inc. ("Epic"), to ask whether Epic would object to the filing of an oversized principal-and-response brief by Apple.

4.  On March 7, 2022, Mr. Bornstein informed me through email that Epic would take no position on Apple's request for additional words.

5.  On March 23, 2022, I informed Mr. Bornstein that Apple would be seeking a 9,000-word extension. He confirmed by e-mail that Epic "take[s] no position on Apple's motion for an additional 9,000 words, other than to request that if Apple's motion is granted it be reciprocal such that Epic receives a comparable extension for its next brief."

6.  In my professional judgment I believe that Apple requires a 8,980 word increase for its principal-and-response brief from the default limitation of 16,500

1

words (Fed. R. App. P. 28.1(e)(2)(B); Cir. R. 28.1-1(c)), for a total of 25,480 words. A brief of that length is being filed concurrently with this motion.

7. In my professional judgment, in the unique circumstances of these appeals, a 25,480-word brief is necessary to adequately address the complex legal, economic, and factual issues presented by this antitrust case. That complexity is demonstrated by the fact that these appeals arise from a 180-page opinion with 666 footnotes, comprising approximately 84,000 words, *see* Dkt. 812, that the district court presided over a 16-day bench trial with 26 witnesses and 520 exhibits, that the trial transcript is over 4,000 pages long, and that the parties submitted post-trial findings of fact and conclusions of law comprising 364 (single-spaced) pages for Apple and 633 (double-spaced) pages for Epic, *see* D.C. Dkts. 777-3 & 779-1.

8. Epic's principal brief raises at least seven discrete issues of substantive antitrust law, all of which are tied to the extensive trial record. *See* Dkt. 41.

9. Epic's position is supported by nine *amicus curiae* briefs, and a tenth (from the United States), while ostensibly in support of neither party, takes issue with certain rulings. *See* Dkts. 48–57. These briefs collectively present another 55,426 words of argument supporting reversal.

10. Apple is not seeking to file a supplemental brief to respond to Epic's *amici*, individually or collectively; the additional 8,980 words requested for its principal-and-response brief will allow Apple to respond to their arguments as well as to Epic

itself on top of raising its own arguments for its cross-appeal.

11. Apple and its counsel have diligently worked to ensure that the principal-and-response brief presents only the issues presented on appeal and cross-appeal, and to do so efficiently. Nonetheless, given the complexity of this antitrust case, including the large trial record, drafting a brief that fits within the default type-volume limitations has been exceedingly difficult. That is particularly true because all of Epic's arguments on appeal challenge factual issues subject to the "clearly erroneous" standard of review, and to defend the judgment on these issues Apple must point the Court to the places in the district court's order and/or the underlying record in which the evidence supporting the district court's findings is located. This is also one of the first cases involving a two-sided transaction platform tried to judgment since the Supreme Court rendered its seminal decision in *Ohio v. American Express Co.*, 138 S. Ct. 2274 (2018), and the additional complexities produced by platform economics—including the need to address effects on both sides of the platform—require additional space to explain. For these and other reasons, Apple submits that compelling need exists to file an oversize principal-and-response brief of 25,480 words. Cir. R. 32-2(a).

12. Neither Apple nor its counsel routinely ask this Court (or any other court of appeals) for relief from the type-volume limitations. Indeed, undersigned counsel has done so fewer than five times in a 30-year career as an appellate lawyer. We do

not make this request lightly, but rather in the sincere belief that the decisional process will be best aided by a brief of sufficient length to fully address the many issues presented by the district court's judgment and these appeals.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 24, 2022 in San Francisco, California.

                                              s/ *Mark A. Perry*

                                              Mark A. Perry

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **Declaration of Mark A. Perry in Support of Apple Inc.'s Motion To Exceed Type-Volume Limitations** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on March 24, 2022.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: March 24, 2022

s/ *Mark A. Perry*
Mark A. Perry
